(114 App. Div. 866)

### MAGIDA v. WIESEN et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

MASTER AND SERVANT—WAGES—ENFORCED IDLENESS.

     Where defendants engaged absolutely to pay plaintiff a certain sum per week for a given period, they were liable for the entire amount, although four weeks of such time, owing to a fire, he did not work, but was ready at all times to do so.

     [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 62.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Aaron Magida against Morris Wiesen and another. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, MILLER, and GAY-. NOR, JJ.

Isaac Allen (Samuel Weinstein, on the brief), for appellant.
Samuel J. Goldsmith, for respondents.

MILLER, J.   The plaintiff presents two causes of action—one on a contract of employment entered into February 4, 1905, and by its terms terminating September 4, 1905, for four weeks' wages at $35 per week; the other for a wrongful discharge in violation of a contract of employment for one year, entered into on the 25th day of July, 1905.

As to the second cause of action the evidence presents a question of fact whether the discharge was justified by the conduct of the plaintiff, and with the determination of that question we are not disposed to interfere; but it seems clear that the undisputed evidence respecting the first cause of action required a judgment for the plaintiff.   It appeared that on the 26th day of June the building in which the plaintiff was employed burned.   The defendants did not resume work until the 25th of July, at which time the new contract of employment for a year was entered into.   There is no evidence, however, that the plaintiff's right to wages for the four weeks intervening had been waived by any express agreement between the parties, and the fire furnished no excuse for the defendants' failure to pay the sum stipulated.  The plaintiff was employed as a designer and cutter, but there was no evidence that the labor was to be performed at any particular place or in any particular building. The defendants engaged absolutely to pay the plaintiff the sum of $35 per week for a given period.   It is undisputed that the plaintiff was at all times ready to perform the services for which he was employed. If the defendants desired to protect themselves from the result of accidents, they should have so stipulated in their contract.   Harmony v. Bingham, 12 N. Y. 99, 62 Am. Dec. 142.

Upon this state of the proof we think it clear that the plaintiff was entitled to a judgment for the four weeks' wages at $35 per week, and for this reason the judgment should be reversed, and a new trial ordered, with costs to abide the event.   All concur.